UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SMITHFIELD FOODS,
PATRICK CUDAHY INCORPORATED,
ALLIANZ GLOBAL RISKS US INSURANCE
COMPANY, ACE AMERICAN INSURANCE
COMPANY, GENERAL SECURITY INDEMNITY
COMPANY OF ARIZONA, LIBERTY
MUTUAL FIRE INSURANCE COMPANY,
TOKIO MARINE AND NICHIDO FIRE
INSURANCE CO., LTD., and
CERTAIN UNDERWRITERS AT LLOYD'S OF
LONDON AND ITS MEMBERS SUBSCRIBING
TO CONTRACT NO. DP685509(1), UNIQUE
MARKET REFERENCE B0509685509,

      Plaintiffs,

  -v-                                         Case No. 13-C-651

UNITED STATES OF AMERICA,

      Defendant.

## DECISION AND ORDER

This Decision and Order addresses three fully briefed motions: two motions in limine filed by the Plaintiffs, and a motion to strike filed by the United States. (ECF Nos. 71, 72, 88.) The United States' motion for summary judgment will be addressed in a subsequent decision.

## Background

The Plaintiffs, Patrick Cudahy Incorporated ("Patrick Cudahy"), Smithfield Foods ("Smithfield")—Patrick Cudahy's parent corporation, and Smithfield's six insurers listed above, filed this action against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671, *et seq.*, alleging that the United States' negligence caused a fire that lasted for five days at Patrick Cudahy's pork processing facility, Building C, in Cudahy, Wisconsin. (ECF No. 1.) The fire was ignited by a M125 military flare that a member of the United States Marine Corps stole from the United States military base in Twentynine Palms, California and transported to Wisconsin. The Plaintiffs allege that pursuant to Cal. Civ. Code § 1714 and California common law, the United States was negligent because it owed a duty to the public, including Smithfield, to keep munitions and ordnance properly "tracked, secured and stored" and to prevent such items from "finding [their] way into an uncontrolled and unsecured area, or into unauthorized hands." (Compl. ¶ 28.) Under the FTCA, the United States is liable "in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

An earlier version of this action, Case No. 11-C-1148 (the "1148 action"), was filed in this District and randomly assigned to this Court.

On March 16, 2012, the Plaintiffs voluntarily dismissed the 1148 action and filed the Complaint in the Central District of California. On June 7, 2013, the California district court transferred the action to this District pursuant to 28 U.S.C. § 1404(a). As part of its analysis, the court applied California conflict of law principles and concluded that Wisconsin law regarding comparative negligence should apply. (ECF No. 97.)

A transfer under § 1404(a) does not affect the applicable law. *Anderson v. Aon Corp.*, 614 F.3d 361, 365 (7th Cir. 2010) (citing *Ferens v. John Deere Co.,* 494 U.S. 516 (1990)). Therefore substantive California law, including its choice-of-law rules, continues to apply to this action. *See id.* (citing *Eckstein v. Balcor Film Investors,* 8 F.3d 1121, 1126-27 (7th Cir. 1993)). However, the procedures of the Court of Appeals for the Seventh Circuit, not those of the Ninth Circuit, apply. *See id.*

## Motions in Limine

By their motions *in limine* the Plaintiffs assert that the Court should exclude the reports, opinions, and testimony of Gerald Haynes ("Haynes") and Raymond Esposito ("Esposito") under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993).

Rule 702 requires the Court to perform a "gatekeeping" function in

order to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert,* 509 U.S. at 589. In its analysis the Court must use the following standards: first, the expert must be qualified by knowledge, skill, experience, training, or education; second, the proposed expert testimony must assist the trier of fact in determining a relevant fact at issue in the case; third, the expert's testimony must be based on sufficient facts or data and reliable principles and methods; and fourth, the expert must have reliably applied the principles and methods to the facts of the case. *Lees v. Carthage Coll.*, 714 F.3d 516, 521-22 (7th Cir. 2013). With regard to reliability the Court considers a non-exhaustive list of guideposts, including whether the scientific theory can be or has been tested, whether the theory has been subjected to peer review and publication, and whether the theory has been generally accepted in the relevant scientific, technical, or professional community. *Am. Honda Motor Co., Inc. v. Allen,* 600 F.3d 813, 817 (7th Cir. 2010) (citing *Daubert*, 509 U.S. at 593-94). The party who proffers an expert's testimony bears the burden of establishing its admissibility under Rule 702. *Lewis v. CITGO Petroleum Corp.,* 561 F.3d 698, 705 (7th Cir. 2009).

*Haynes*

The Plaintiffs assert that Haynes' report, opinions, and testimony should be excluded based on the methodology of his experiments; specifically: although the fire was ignited by a M125 flare, he did not use that type of flare; he did not follow a test procedure established by American Society for Testing and Materials (ASTM) Standard E-108 for conducting exterior fire tests of roofing material; and his mockups do not represent the actual conditions of the Patrick Cudahy building that was ignited by the flare.

The decision not to use the M125 flare is consistent with the United States' theory of the case that commercially available flares are comparable to the M125 flare. In addition, ASTM Standard E-108 (ECF No. 79-9) is intended to provide a basis for the relative comparison of roof coverings — which is not an issue in this case.

Haynes used a different protocol, outlined in the NFPA 921 *Guide for Fire and Explosion Investigations* (2011 ed.), (ECF No. 79-8), and followed the recommended procedures in employing the scientific method. Haynes' report also establishes that the model roofing assemblies for his tests were made of components similar to those in the descriptions of the Building C roof in the Wisconsin Criminal Investigation Bureau report of

the fire. (Haynes' Report, 4-5, 11.) (ECF No. 79-5.) The Patrick Cudahy building that caught fire was 125 years old and difficult to replicate. The United States' argument that the fire at the Patrick Cudahy plant was the control for the tests is reasonable and can be addressed in cross-examination. The United States has established that the methodology used by Haynes is sound and fits the facts of this case.

Although not challenged by the Plaintiffs, the information contained in Haynes' curriculum vitae regarding his education, training, and experience establishes his qualifications in the areas of fire protection engineering; firefighting operations, codes, and standards; forensic fire scene reconstruction; and post fire incident analysis. Haynes' testimony will also assist the Court in determining a relevant fact at issue in the case—whether a publically available flare could have ignited the fire in the Patrick Cudahy building. Additionally, Haynes' testimony is based on sufficient facts or data, and his experiments were conducted using scientific method. Based on the foregoing, the Plaintiffs' motion in limine with respect to the Haynes report is denied.

## *Esposito*

The Plaintiffs assert that Esposito is not qualified to proffer the opinions contained in his expert report, his opinions are unreliable, and

his opinions lack probative value. Esposito is qualified as an expert in loss prevention. He has worked for LP Innovations for 16 years, has over 23 years of experience in the loss prevention industry, and has developed or assisted in developing loss prevention programs for over 125 retailers, including retailers of ammunition, in the United States, Canada, and the United Kingdom. (ECF Nos. 78-1, 78-3.) Currently he specializes in loss prevention procedures related to regulated pharmaceuticals at retail stores such as CVS and Walgreens. The duration and broad range of Esposito's experience qualify him as an expert in the area of loss prevention. The Court finds that Esposito qualifies as an expert in loss prevention, and he is qualified to provide the opinions contained in his report.

The Plaintiffs also contend that Esposito's opinions are based on unreliable data because he compared commercially available flares to the M125 military flare, and he relied on defense counsel's synopsis of Haynes' findings that the two types of flares were similar. They also disagree with Esposito's reliance on the loss prevention procedures used by private retailers of commercially available flares.

The Plaintiffs provide no indication that defense counsel's synopsis did not accurately convey Haynes' findings to Esposito. Reliance on that

synopsis does not make Esposito's opinions unreliable. The Plaintiffs' contention that the data is unreliable because one premise of Esposito's opinions—that military flares are similar to commercial flares—relates to contested issues in this cases regarding whether the two types of flares are similar and appropriate theft prevention measures with respect to M125 flares. Those issues may be addressed in rebuttal reports and on cross examination, and they are not a basis for excluding Esposito's report, opinions, or testimony as unreliable. Such evidence will also assist the Court, which is the trier of fact in a FTCA case, to determine the duty of care. Therefore, the Plaintiffs' motion in limine pertaining to Esposito is denied.

## Motion to Strike

Pursuant to Rule 37(c) and Rule 12(f), the United States requests an order striking those portions of the Plaintiffs' response to its summary judgment motion (ECF Nos. 76, 81-1) that rely on the expert report of Daniel O'Kelly ("O'Kelly") disclosed on May 10, 2013, and the expert report of Robert Schroeder ("Schroeder") and Richard Pehrson ("Pehrson") disclosed on May 14, 2013,[1] and striking the reports. The Plaintiffs

---

[1] The challenged Schroeder-Pehrson report is dated May 13, 2013. However, in this Decision the Court refers to the report by its May 14 disclosure date.

contend that the disclosures were timely, and that regardless of the disposition of the O'Kelly and May 14 reports the challenged portions of their brief should not be struck because they also rely on other materials.

In the absence of a court order, a rebuttal expert must be disclosed "within 30 days after the other party's disclosure" of its expert. Fed. R. Civ. P. 26(a)(2)(D)(ii). *See Finley v. Marathon Oil Co.,* 75 F.3d 1225, 1230 (7th Cir. 1996); *e.g. Larson v. Wis. Cent. Ltd.,* 10-C-446, 2012 WL 368379, at *4 (E.D. Wis. Feb. 3, 2012). "The proper function of rebuttal evidence is to contradict, impeach or defuse the impact of the evidence offered by an adverse party." *Peals v. Terre Haute Police Dep't,* 535 F.3d 621, 630 (7th Cir. 2008) (quoting *United States v. Grintjes,* 237 F.3d 876, 879 (7th Cir. 2001)).

Rule 37(c)(1) provides that a party who fails to identify a witness as required by Rule 26(a) "is not allowed to use that . . . witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." The Seventh Circuit has established four factors to guide a court in determining whether the sanction of exclusion is warranted: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the

bad faith or willfulness involved in not disclosing the evidence at an earlier date." *David v. Caterpillar, Inc.,* 324 F.3d 851, 857 (7th Cir. 2003).

The filings of the parties indicate that they adjusted the California district court's November 1, 2012, scheduling order (ECF No. 35) to set a March 30, 2013, deadline for the completion of expert discovery and a June 4, 2013, oral argument date for all motions.

By operation of Central District of California Civil Local Rule 6-1, motions for summary judgment were not due until May 7, 2013. However, after the parties exchanged emails, the United States agreed to file its summary judgment motion on April 24 to give the Plaintiffs more time to respond. (Def. Mot. Strike, Ex. 11 at 3.) (ECF No. 88-12.) In a February 21 email the Plaintiffs stated, "one item your proposal . . . overlooks is a rebuttal date for experts." (*Id.* at 4.) That issue was apparently left unresolved.

### *O'Kelly Report*

The United States asserts that the O'Kelly report is incomplete because it does not list all the cases for which O'Kelly provided testimony in the four years preceding the disclosure of his report or the materials that he relied upon in forming his expert opinions, and that the disclosure of O'Kelly as a witness was untimely. The United States maintains that

the Plaintiffs should have disclosed O'Kelly as an expert on March 15, 2013, when they disclosed their other experts; and even if he is a rebuttal expert, he should have been disclosed no later than May 1, 2013. In its reply brief the United States also contends that his report was tendered to rebut its summary judgment argument, which is an improper use of an expert.

Citing *Dixon v. Certainteed Corp.,* 168 F.R.D. 51, 54 (D. Kan. 1996), the Plaintiffs maintain that disclosure was timely, and that they offered to make O'Kelly available for depositions but the United States has not responded to that offer. They further contend that if the disclosure was untimely, any delay is substantially justified or not prejudicial to the United States. They also state that the missing information will be provided prior to O'Kelly's deposition and is not a basis for striking the report. They also assert that regardless of the disposition of the challenged reports, the challenged portions of their brief should not be struck.

The O'Kelly report (ECF No. 93-1) contradicts the premise of the Esposito report that the M125 flare is similar to commercially available flares and thereby defuses Esposito's opinions regarding theft protection

procedures used for employees in retail businesses that sell flares. Thus, it is rebuttal report.

Given the Seventh Circuit's unequivocal statement in *Finley*, this Court is not at liberty to adopt *Dixon*'s reasoning—regardless of its arguable merit. *See e.g. Bowman v. Int'l Bus. Mach. Corp., No.* 1:11-cv-0593-RLY-TAB, 2013 WL 1857192, at *3-4 (S.D. Ind. May 2, 2013). Thus, the O'Kelly report is untimely because it was not disclosed within 30 days of the disclosure of the Esposito report.[2]

However, the Plaintiffs had raised the timing of rebuttal reports and also offered to make O'Kelly available for deposition. O'Kelly's report and opinions may be explored through discovery. The disclosure date will not disrupt the trial because no new trial date has been scheduled. Given the Court's trial calendar, the additional discovery that will be necessary to address O'Kelly's information will not significantly delay the trial of this matter. There is also no indication that the Plaintiffs acted willfully or in bad faith in failing to disclose the testimony earlier. Thus, the United States' motion to strike as to O'Kelly is denied. The Court will, however,

---

[2] The Court notes that there is an April 17 supplement to the Esposito report. (ECF No. 71-6.) However the supplement augmented his initial report, and review of its content makes it obvious that the supplement is not what caused the Plaintiffs to contact O'Kelly on April 5 seeking an expert opinion on practices and procedures used in 2007 by the manufacturers of ammunition and military ordnance.

set a deadline by which the Plaintiffs must supply the missing information to the United States.

*Schroeder and Pehrson's May 14 Report*

The Plaintiffs disclosed an earlier report from Schroeder and Pehrson. The United States asserts that the May 14 report containing three additional opinions should be excluded because it is an improper supplemental report; and if it is considered as a rebuttal report, it should be excluded as untimely. The Plaintiffs maintain that the three additional opinions were discussed by Schroeder at his April 10, 2013, deposition and the May 14 report is a proper supplemental report.

The three opinions in the May 14 report are: (1) commercial flares fail to ignite spreading fire; (2) there are material differences between the M125 flare and commercial flares; and (3) explosive classifications are used outside transportation. (Pls. Mem. Opp'n Mot. Strike, Ex. B.) (ECF No. 93-2.) Having reviewed Schroeder's deposition testimony (*Id.*, Ex. H) (ECF No. 93-8), the Court concludes that the May 14 report is an appropriate supplemental report, and it is timely under Rule 26(a)(3) because it was made more than 30 days prior to trial. Thus, the United States' motion to strike is denied as to the May 14 Schroeder and Pehrson report.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

The Plaintiffs' motion in limine to exclude Haynes' testimony (ECF No. 72) is **DENIED**;

The Plaintiffs' motion in limine to exclude Esposito's testimony (ECF No. 71) is **DENIED**;

The United States' motion to strike (ECF No. 88) is **GRANTED** to the extent that **no later than October 7, 2014,** the Plaintiffs must supplement the O'Kelly report with a list of all the cases for which O'Kelly provided testimony in the four years preceding the disclosure of his report and the materials he relied upon in forming his expert opinions, and **DENIED** in all other respects.

Dated at Milwaukee, Wisconsin, this 23rd day of September, 2014.

BY THE COURT:

_Rudolph T. Randa_
HON. RUDOLPH T. RANDA