# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SMITHFIELD FOODS, INC.,
PATRICK CUDAHY, INC.,
ALLIANZ GLOBAL RISKS US INSURANCE CO.,
ACE AMERICAN INSURANCE CO.,
GENERAL SECURITY INDEMNITY
 COMPANY OF ARIZONA,
LIBERTY MUTUAL FIRE INSURANCE CO.,
TOKIO MARINE AND NICHIDO FIRE
INSURANCE COMPANY, LTD., and
CERTAIN UNDERWRITERS AT LLOYD'S OF
LONDON AND ITS MEMBERS SUBSCRIBING
TO CONTRACT NO. DP685509(1), UNIQUE
MARKET REFERENCE B0509685509,

        **Plaintiffs,**

    -v-                                                                                        **Case No. 13-C-651**

**UNITED STATES OF AMERICA,**

        **Defendant.**

## DECISION AND ORDER

This action arises from a five-day fire at Plaintiff Patrick Cudahy, Incorporated ("Patrick Cudahy") in Cudahy, Wisconsin, which was ignited by a military flare stolen from a California military base. The Defendant, United States of America, seeks reconsideration (ECF No. 113) of the Court's November 18, 2014, Decision and Order (ECF No. 109) denying its motion for summary judgment seeking dismissal of this action under the Federal Tort Claims Act, 28 U.S.C. §§ 2671, *et seq*.

The second sentence of Federal Rule of Civil Procedures 54(b) states,

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

A district court will grant a motion for reconsideration when: (1) the court has patently misunderstood a party; (2) the court has made a decision outside the adversarial issues presented to the court by the parties; (3) the court has made an error not of reasoning but of apprehension; (4) there has been a controlling or significant change in the law since the submission of the issue to the court; or (5) there has been a controlling or significant change in the facts since the submission of the issue to the court. *Bank of Waunakee v. Rochester Cheese Sales Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990). Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence. *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.,* 90 F.3d 1264, 1269 (7th Cir. 1996). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Id.* at 1270.

The United States contends that it should be allowed the opportunity to establish that: Wisconsin law, not California law, applies to the summary judgment issues; on these facts Wisconsin negligence law differs markedly from that of California and does not allow a finding of negligence based on the facts of this case; Wisconsin law rarely deems failure to prevent theft of property as actionable negligence and it does not regard entrustment of property to a competent person as actionable negligence; even if the "pat-down" of Joshua Popp was negligent, Wisconsin law recognizes specific policy factors that militate against liability on these facts; the dispute over the existence of "Marine Corps Order 3570.2A" does not preclude summary judgment because even if the order existed, there is no evidence that anyone violated it.

The United States has not established that the Court's November 2014, Decision and Order contains a manifest error of law or fact. In large part the United States presents legal arguments that could have been, but were not, advanced in its summary judgment or motion to transfer briefs. It has also rehashed arguments that the Court considered and rejected. Furthermore, the Court's determination that there is a genuine dispute of material fact regarding the existence of a mandatory requirement that all departing military members and their belongings be searched prior to

leaving Camp Wilson did not rest solely on the dispute regarding the existence of Marine Corps Order 3570.2A — it also relies upon the deposition testimony proffered by the Plaintiffs indicating that Camp Wilson was subject to unwritten standard operating procedures regarding Marines departing the camp, including mandatory shakedowns of Marines and searches of their packs. (*See* Nov. 18, 2014, Decision and Order, 8 n.7.) Therefore, the United States' motion for reconsideration is denied.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

The United States' motion for reconsideration (ECF No. 113) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 21st day of January, 2015.

**BY THE COURT:**

*[signature]*

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**