# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**SMITHFIELD FOODS INC., et. al.,**

    **Plaintiffs,**

    vs.

**UNITED STATES OF AMERICA,**

    **Defendant.**

Case No. 13-C-651

HON. RUDOLPH T. RANDA

---

# *CIVIL L.R. 7(H) EXPEDITED NON-DISPOSITIVE MOTION*

---

## PLAINTIFFS' EXPEDITED MOTION IN LIMINE TO PRECLUDE EVIDENCE THAT JOSHUA POPP'S PACK WAS SEARCHED PRIOR TO HIS DEPARTING CAMP WILSON

---

Submitted by:

Todd B. Denenberg
*tdenenberg@dt-law.com*
Charles R. Tuffley
*ctuffley@dt-law.com*
Alyssa J. Endelman
*aendelman@dt-law.com*
DENENBERG TUFFLEY, PLLC
28411 Northwestern Highway, Suite 600
Southfield, MI 48034
PH: (248) 549-3900
FX: (248) 593-5808

Attorneys for Plaintiffs

NOW COME Plaintiffs, by and through their attorneys Denenberg Tuffley, PLLC. Pursuant to C.D. California Local Rule 56-3 and *Tobey v Extel/JWP, Inc.*, 985 F.2d 330, 332 (7th Cir. 1993)(along with other 7th Circuit decisions), Plaintiffs respectfully request this Court enter an Order precluding Defendant from introducing any evidence (or arguing) at trial that Joshua Popp's pack was searched before he departed Camp Wilson (part of Twentynine Palms Base in California). Furthermore, Plaintiffs respectfully request, pursuant to Civil L.R. 7(h), that this Court expedite resolution of this Motion. The grounds for these requests are as follows.

1. When this matter was pending in the U.S. District Court for the Central District of California, Defendant filed a Motion for Summary Judgment. As required by C.D. California Local Rule 56-1, accompanying that Motion was the United States' Statement of Uncontroverted Facts and Conclusions of Law ("Defendant's Statement"). [Document 68-2, filed 4/24/13]

2. In Defendant's Statement, Defendant stated (as Uncontroverted Fact No. 59) that "Joshua Popp was able to remove the flare from Camp Wilson by concealing it in his pack, <u>having his pack thrown on a truck before it could be searched, and convincing his supervisor not to retrieve the bag</u>." (Underscoring added). [Endelman Declaration Ex. A].

3. Based on Mr. Popp's deposition testimony, it has always been the understanding of the parties that Mr. Popp's pack (containing the M125 Flare) was never searched prior to his departing Camp Wilson. As such, Plaintiffs did not dispute Uncontroverted Fact No. 59. In its November 18, 2014 Decision and Order denying Defendant's Motion for Summary Judgment, this Court also treated this as an undisputed fact. [Document 109, page 9]

4. On May 22, 2015, Defendant served a Supplemental Answer to Plaintiffs' Second Interrogatories. [Endelman Declaration Ex. B]. In it, Defendant states that at a May 8, 2015

1

meeting with defense counsel Mr. Popp changed his story, and he now asserts his pack was searched prior to his departing Camp Wilson.

5. For various reasons, Plaintiffs do not believe Mr. Popp's new story (even if believed) will alter the inevitable conclusion that Defendant breached a non-discretionary duty of care, and is therefore liable under the Federal Tort Claims Act.

6. However, as a matter of law, no evidence (from Mr. Popp or any other source) should be presented at trial, or considered by this Court, to the effect that Mr. Popp's pack was searched when he departed Camp Wilson.

7. Defendant's Statement was filed while this matter was pending in the Central District of California. As such, the Local Rules for the C.D. California govern the nature of any representations made therein. C.D. California Local Rule 56-3 states:

> In determining any motion for summary judgment or partial summary judgment, the Court may assume that the material facts as claimed and adequately supported by the moving party <u>are admitted to exist without controversy</u> except to the extent that such material facts are (a) included in the "Statement of Genuine Disputes" and (b) controverted by declaration or other written evidence filed in opposition to the motion.

(Underscoring added).

8. When Defendant affirmatively represented in Defendant's Statement that Mr. Popp's pack was not searched when he departed Camp Wilson (a fact Plaintiffs did not dispute), it made **a binding admission** that this was an uncontroverted fact. *See Pro Century Ins. Co. v Ezor*, 554 Fed. Appx. 576, 577 (9th Cir. 2014); *Johnson v Gudmundson*, 35 F3d 1104, 1008 (7th Cir 1994)(interpreting a similarly worded local court rule from the Northern District of Illinois). This binding admission was made prior to the transfer of this matter to the E.D. Wisconsin.

9. The U.S. Court of Appeals for the 7th Circuit has made it quite clear that once a party makes a binding admission, it is precluded from seeking to subsequently contradict that

2

admission via the introduction of conflicting evidence. As the court held in *Tobey v Extel/JWP, Inc.*, 985 F.2d 330, 332 (7th Cir. 1993)(another case involving the similarly worded local court rule from the Northern District of Illinois), "an admission trumps evidence, rather than vice versa." *See also Murrey v United States*, 73 F.3d 1448, 1455 (7th Cir. 1996); *Johnson v Gudmundson*, 35 F3d 1104, 1117 (7th Cir 1994); *Maksym v Loesch*, 937 F.2d 1237, 1241 (7th Cir. 1991); *Skagen v Sears, Roebuck & Co.*, 910 F.2d 1498, 1500 (7th Cir. 1990).

10. Consequently, as a matter of law, Defendant should be precluded from introducing any evidence (or arguing) at trial to contradict its own binding admission that Joshua Popp's pack was searched before he departed Camp Wilson.

11. Plaintiffs realize it is unusual to submit a motion in limine in the context of a bench trial. However, Plaintiffs respectfully submit the extraordinary circumstances here (a party seeking to contradict its own binding admission) justify such an action. Moreover, a ruling on this Motion will assist both parties in knowing exactly what factual issues will be the subject of the upcoming trial, and they can then prepare accordingly.

12. Furthermore, this matter is scheduled to be mediated before Magistrate Goodstein on June 11, 2015. While the outcome of this particular Motion will not impact Plaintiffs' view of this case (or its settlement value), it may impact Defendant's view. Moreover, even if this Motion is not ruled on prior to mediation, the fact both parties have briefed it may assist Magistrate Goodstein at the mediation. That is why Plaintiffs are submitting this Motion to the Court on an expedited basis.

Accordingly, for the foregoing reasons, Plaintiffs respectfully request that this Court grant their Motion in Limine, and preclude the introduction of any evidence or argument at trial that Joshua Popp's pack was searched before he departed Camp Wilson.

Respectfully submitted,

**DENENBERG TUFFLEY, PLLC**

BY:   /s/ Alyssa J. Endelman
Todd B. Denenberg
(admitted in the E.D. Wisconsin)
*tdenenberg@dt-law.com*
Charles R. Tuffley
(admitted Pro Hac Vice)
*ctuffley@dt-law.com*
Alyssa J. Endelman
(admitted in the E.D. Wisconsin)
*aendelman@dt-law.com*
DENENBERG TUFFLEY, PLLC
28411 Northwestern Highway, Suite 600
Southfield, MI  48034
PH:  (248) 549-3900
FX:  (248) 593-5808

Attorneys for Plaintiffs

DATED:  May 27, 2015

4

# CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2015, I electronically filed a) Plaintiffs' Expedited Motion In Limine To Preclude Evidence That Joshua Popp's Pack Was Searched Prior To His Departing Camp Wilson, and b) the accompanying Declaration of Alyssa Endelman, with the Clerk of the Court and served counsel for Defendant, using the CM/ECF System.

BY: /s/ Alyssa J. Endelman
Alyssa J. Endelman
(Admitted E.D. Wisconsin)
DENENBERG TUFFLEY, PLLC
28411 Northwestern Highway, Suite 600
Southfield, MI 48034
PH: (248) 549-3900
FX: (248) 593-5808
*aendelman@dt-law.com*

Attorneys for Plaintiffs