# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

SMITHFIELD FOODS INC., et al.,

   Plaintiffs,

 v.

UNITED STATES OF AMERICA,

   Defendant.

Case No.: 2:13-cv-651-RTR

Hon. Rudolph T. Randa

---

## United States' Motion in Limine to Exclude at Trial all Evidence of Non-Party Bermuda Insurers' Assignment of Claims to Plaintiff Allianz Global Risks US Insurance Company

---

BENJAMIN M. MIZER
Principal Deputy Assistant Attorney General
JAMES G. TOUHEY, JR.
Director, Torts Branch
ROBIN DOYLE SMITH
Senior Trial Counsel
Torts Branch
JOHN A. WOODCOCK
Trial Attorney, Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 888
Benjamin Franklin Station
Washington, D.C. 20044
(202) 616-5200

Attorneys for Defendant
UNITED STATES OF AMERICA

## BACKGROUND

Alleging jurisdiction under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b)(1), Plaintiffs brought this action against the United States seeking to recover millions of dollars in damages for injury or loss of property allegedly sustained as a result of a fire at a pork-processing facility owned and operated by Patrick Cudahy, Incorporated ("PCI") in Cudahy, Wisconsin. Besides PCI, Plaintiffs are PCI's parent corporation, Smithfield Foods, Inc. ("Smithfield"), and six of Smithfield's insurers (collectively, the "Plaintiff Insurers"), one of whom is Allianz Global Risks U.S. Insurance Company (Allianz).[1]

The complaint alleges that Allianz and the other five Plaintiff Insurers provided property insurance to Smithfield pursuant to specific policies they each had issued for various properties owned by Smithfield and its subsidiaries, including the plant damaged by the fire. *See* Compl. ¶¶ 7-12 (Doc. 1).

The complaint goes on to allege that: (1) due to the fire and resulting damage, Smithfield submitted insurance claims to Allianz and the other five Plaintiff Insurers for property damage and business interruption losses related to the fire; (2) pursuant to their respective policies, Allianz and the other five Plaintiff Insurers paid Smithfield a total of $208,000,000; and (3) as a result of such payments, Allianz and

---

[1] The other five Plaintiff Insurers are: (1) ACE American Insurance Company; (2) General Security Indemnity Company of Arizona; (3) Liberty Mutual Fire Insurance Company; (4) Tokio Marine and Nichido Fire Insurance Co., Ltd.; and (5) Certain Underwriters at Lloyd's of London and its Members subscribing to Contract No. DP685509(1), Unique Market Reference B0509685509.

1

the other five Plaintiff Insurers are subrogated to Smithfield's rights against the United States to the extent of the payments made by them.  *See id.* ¶ 25.

The complaint contains only a single, obscure reference to two Bermuda Insurers, neither of whom is a party to this litigation.  *See id.* ¶ 7 ("Allianz is a plaintiff in its own right and also as assignee of ACE Bermuda Insurance Ltd. and Arch Insurance (Bermuda).").  Neither of ACE nor Arch (collectively "the Bermuda Insurers") is mentioned again in the complaint, nor does the complaint describe the nature or terms of the purported assignment between the Bermuda Insurers and Allianz.

The United States answered the complaint on July 19, 2012.  *See* Answer (Doc. 17).  With respect to all the allegations contained in paragraphs 7 through 12, and paragraph 25 of the complaint concerning the Plaintiff Insurers, including the allegation that Allianz was an assignee of the Bermuda Insurers, the answer stated that the United States was without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denied them.  *See id.* ¶¶ 7-12, 25.

The answer of the United States placed in issue both Allianz's alleged status and its right, if any, to recover as an assignee of the non-party Bermuda Insurers.  *See* Rule 8(b)(5), Fed. R. Civ. P. ("A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial.").

Even though Allianz's status and right to recover as an assignee of the Bermuda Insurers was placed in issue, Plaintiffs did not disclose any information

2

about any assignment between Allianz and the Bermuda Insurers in their any of their multiple Rule 26(a)(1) disclosures to the United States.  *See* Declaration of John A. Woodcock executed October 21, 2015, ¶¶ 3-10.  Furthermore Plaintiffs' Rule 26(a)(1) disclosures identified no representatives of either Allianz or the Bermuda Insurers, or any other individuals with information that Plaintiffs might use to prove that the supposed assignment had taken place, or on what terms the Bermuda Insurers' rights had been assigned to Allianz.  *Id.*  Indeed, Plaintiffs' Rule 26(a)(1) disclosures did not even mention the assignment between the Bermuda Insurers and Allianz, and nor was copy of any assignment agreement produced by Plaintiffs in these disclosures.  *Id*; Similarly, Plaintiffs' pre-trial report, filed on June 9, 2015, also did not list the assignment agreement as an exhibit, Doc. 136-3, nor did Plaintiffs list as a witness a representative from the Bermudan Insurers or Allianz who could testify as to the agreement's terms.  Doc. 136-1.

    Plaintiffs failed to provide any detailed information about the assignment between the Bermudan Insurers and Allianz for about three years.  Only recently, six weeks ago on September 11, 2015, long after the close of discovery in this case, Plaintiffs first furnished the United States a copy of a purported agreement whereby the Bermuda Insurers assigned to Allianz the right to prosecute their subrogation rights in this action.  *See* Woodcock Decl. ¶¶ 11-13; Ex. 1 (e-mail from Plaintiffs' counsel furnishing counsel for United States copy of assignment agreement).  Plaintiffs have not supplemented their Rule 26(a)(1)(a) disclosures to identify as trial

3

witnesses representatives from Allianz or the Bermuda Insurers. *See* Fed. R. Civ. P. 26(e)

## ARGUMENT

**Plaintiffs' failure to disclose the purported assignment agreement in their Rule 26(a) disclosures disallows the use of all evidence concerning the terms of the assignment at trial.**

Under Federal Rule Civil Procedure 37(c)(1), "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." This sanction is "automatic and mandatory unless the party to be sanctioned can show that its violation of Rule 26(a) was either justified or harmless." *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996). The Seventh Circuit has noted that the following factors should guide a district court in determining whether Rule 37(c)(1)'s sanction is warranted: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) bad faith or willfulness involved in not disclosing the evidence at an earlier date." *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003) (citing *Bronk v. Ineichen,* 54 F.3d 425, 428 (7th Cir. 1995)). But "not all four factors must be met." *Only the First, Ltd. v. Seiko Epson Corp.*, 822 F. Supp. 2d 767, 778 (N.D. Ill. 2011). And they do not alter the fundamental thrust of Rule 37(c)(1) that if a "violation is unjustified and harms the opposing party" the preclusion of evidence is

4

"automatic and mandatory." *See id; see also Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758 (7th Cir. 2004).

As a preliminary matter, the document and its authenticity are foundational for Allianz's claim to recover as an assignee of the Bermuda Insurers and was required to have been disclosed under Rule 26(a). There also is no doubt that the purported assignment agreement is the type of document that "the disclosing party has in its possession, custody, or control and may use to support its claim" and would be required to be produced under Rule 26(a)(1)(A)(ii). And Rule 26(a)(1)(A)(i) would also require identification of a witness with personal knowledge of the agreement who would potentially testify to the authenticity of the agreement or its terms.

Similarly, to prevail at trial Allianz would have to show that the assignment agreement was valid under state law. *See Feldger v. Kozlowski*, 130 N.W.2d 758, 759 (Wis. 1964) (plaintiff suing as assignee of debt must prove a valid assignment in order to sustain his cause of action."). But Plaintiffs did not list the purported assignment agreement as an "exhibit to offer at trial" in their pretrial report filed in June. Local Rule 16(c)(1)(E); *see also* Fed. R. Civ. P. 26(a)(3)(A)(iii); Doc 136-3. Nor did they list a representative of either of the Bermuda Insurers or Allianz in their pretrial disclosures who could testify about the purported assignment. Local Rule 16(c)(1)(C); *see also* Fed. R. Civ P. 26(a)(3)(A)(i); Doc. 136-1.

The harm, or "prejudice," to the United States of allowing Plaintiffs to submit the substance of the assignment agreement is clear. Because Plaintiffs have not disclosed any information which would support Allianz's right to recover as assignee,

5

*see generally* Woodcock Declaration, the United States has been deprived of the opportunity to conduct discovery into the particulars of the assignment agreement. If Plaintiffs now present the agreement, its terms, or a witness to vouch for the agreement's authenticity at trial, the United States "would have placed on [it] a heavy burden of meeting the new evidence a trial." *See Finley*, 75 F.3d at 1230-31. This fact alone is enough to merit exclusion under Rule 37(c). *See id; see also, Only the First, Ltd.* 822 F. Supp. 2d at 778 ("Not all of four factors [announced by the Seventh Circuit] must be met …where the violation is unjustified and harms the opposing party.")

The remaining three factors guiding a court in determining Rule 37(c)(1)'s sanction also favor excluding evidence of the assignments at trial. At this late date, the prejudice to the United States is incurable. To have to conduct discovery about the assignments now would act to the detriment of trial preparation. Moreover, it is unclear if discovery could cure prejudice, given that the Bermuda Insurers: are not parties and are beyond the United States' jurisdiction. Second, allowing the evidence to be presented at trial would disrupt those proceedings, forcing the United States to cross examine witnesses who were previously undisclosed and not deposed. Although, at this point, the United States cannot claim that "bad faith or willfulness [was] involved," in Plaintiffs' failure to disclose the agreement, there is no question that the alleged assignment agreement is directly at the heart of one of Plaintiffs' allegations, an allegation under which Plaintiffs could recover as much as $22 million. Because it is beyond doubt that the document should have been revealed from the

beginning of this litigation, Plaintiffs should be barred from introducing any evidence about the purported assignment at trial.

In the end, the United States would be harmed by having to defend a claim which was utterly unsupported until weeks ago.  Only if Plaintiffs' multiple failures to disclose the agreement are "substantially justified" can Rule 37(c)'s "automatic and mandatory" sanction be avoided.  In the absence of such a justification, this Court should grant the United States' Motion in Limine.

## CONCLUSION

This Court should grant United States' Motion in Limine to Exclude at Trial all Evidence of Non-Party Bermuda Insurers' Assignment of Claims to Plaintiff Allianz Global Risks US Insurance Company.

Respectfully submitted,

BENJAMIN M. MIZER
Principal Deputy
Assistant Attorney General

JAMES G. TOUHEY, JR.
Director, Torts Branch

ROBIN DOYLE SMITH
Senior Trial Counsel

*/s/ John A. Woodcock*
JOHN A. WOODCOCK
Trial Attorney
Civil Division, Torts Branch
United States Department of Justice
P.O. Box 888
Benjamin Franklin Station
Washington, D.C. 20004
Telephone: (202) 616-4233
Facsimile: (202) 616-5200
Jack.woodcock@usdoj.gov
*Attorneys for the United States*

Dated: October 21, 2015