UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SMITHFIELD FOODS INC., et. al.,

    Plaintiffs,

vs.

UNITED STATES OF AMERICA,

    Defendant.

Case No. 13-C-651

HON. RUDOLPH T. RANDA

## *CIVIL L.R. 7(H) EXPEDITED NON-DISPOSITIVE MOTION*

**PLAINTIFFS' EXPEDITED MOTION IN LIMINE TO PRECLUDE INTRODUCTION OF TESTIMONY AT TRIAL FROM RAY WOJTAK, STACIE KASTEN AND TIMOTHY WALSH**

Submitted by:

Todd B. Denenberg
*tdenenberg@dt-law.com*
Charles R. Tuffley
*ctuffley@dt-law.com*
Alyssa J. Endelman
*aendelman@dt-law.com*
DENENBERG TUFFLEY, PLLC
28411 Northwestern Highway, Suite 600
Southfield, MI 48034
PH: (248) 549-3900
FX: (248) 593-5808

Attorneys for Plaintiffs

Pursuant to Fed R. Civ. P. 37, Plaintiffs respectfully request this Court enter an Order precluding Defendant from introducing any testimony at trial from 3 employees of Kraft Foods. Furthermore, Plaintiffs respectfully request, pursuant to Civil L.R. 7(h), that this Court expedite resolution of this Motion. The grounds for these requests are as follows:

1. Fed. R. Civ. P. 26(a)(1)(A)(i) requires that a party disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses."

2. In accordance with the disclosure requirements, Plaintiffs produced a copy of the contract between PCI and Kraft Foods (the "PCI-Kraft Contract") with their Initial Disclosures on September 14, 2012. **[Denenberg Declaration ¶ 2.]**

3. From that point through the beginning of this year, the parties have engaged in discovery. Not once did Defendant make any discovery requests relative to the PCI-Kraft Contract. **[Denenberg Declaration ¶ 2.]**

4. On May 29, 2015, after all discovery was complete and one month before the start of trial (June 29, 2015), Defendant requested additional documents pertaining to the PCI-Kraft relationship (the "Additional PCI-Kraft Documents"). **[Denenberg Declaration ¶ 3.]**

5. Plaintiffs hand-delivered the documents to Defendant on June 11, 2015 at the mediation. **[Denenberg Declaration ¶ 4.]**

6. As the Court is aware, the mediation resulted in the adjournment of the trial until November 16, 2015.

7. Defendant has now had the Additional PCI-Kraft Documents for over four (4) months.

1

8. On October 27, 2015, three days before trial witness lists are due, Defendant indicated it planned on calling three previously undisclosed witnesses at trial: Ray Wojtak, Stacie Kasten, and Timothy Walsh (all employees of Kraft). Defendant claims these witness will provide testimony relative to Plaintiffs' damages associated with Kraft's discontinued relationship with PCI following the fire. **[Denenberg Declaration ¶ 6.]**

9. Defendant's last-minute witness disclosure is consistent with its history of attempting to conduct a trial by surprise. As this Court will recall, roughly one month prior to the original June 29, 2015 trial date Defendant first disclosed new witnesses, altered trial testimony and new expert opinions.[1] As Plaintiffs predicted in an earlier motion before this Court, "Plaintiffs can only assume that Defendant's trial witness list will include additional witnesses that were never disclosed based upon recent events."[2]

10. This Court has made it clear that "[t]he Rule 26(a) disclosure obligations are not optional. . ." *Saudi v. Valmet-Appleton, Inc.*, 219 F.R.D. 128, 131 (E.D. Wis. 2003). Where a party has violated its disclosure obligations, this Court has the right to issue sanctions. Indeed, this Court "has a right, independent of the parties, to conduct trial preparation in a manner that husbands appropriately the scarce judicial resources of that busy district." *Saudi,* at 134.

11. In fact, the exclusion of testimony from an undisclosed, or an untimely disclosed, witness is the "automatic sanction" under Fed. R. Civ. P. 37. *Saudi*, at 134. The automatic nature of the exclusion sanction recognizes "that precious time and resources of both opposing counsel and th[e] Court are wasted when faced with an unjustified" disclosure failure. *Id*.

---

[1] See the various Expedited Motions in Limine highlighting Defendant's continued pattern of intentionally ambushing Plaintiffs with new facts and evidence on the eve of trial – ECF Nos. 129, 130, 132, and 137. More importantly, with respect to ECF No. 129, Plaintiffs later interviewed Joshua Popp and learned that he had not changed or recanted his testimony as Defendant's represented to the Court.

[2] See Plaintiff's Expedited Motion to Preclude Introduction of Col. Roger B. Turner [ECF No. 137, ¶ 4].

2

12. Fed. R. Civ. P. 37(c)(1) lays out the framework to exclude a witness at trial for failure to comply with Rule 26. It places a burden on Defendant to show that its violation of the rule was "either substantially justified or harmless." *Salgado v. General Motors Corp.*, 150 F.3d 735, 742 (7th Cir.1998); *Saudi*, at 132.

13. Defendant cannot meet its burden here. There is simply no justification (let alone substantial justification) for Defendant's behavior. Defendant was provided the Additional PCI-Kraft Documents on June 11, 2015. Defendant should have subsequently disclosed the new witnesses and their testimony in a timely manner so Plaintiffs would at least have had a meaningful opportunity to depose them prior to trial. Instead, Defendant waited until now so as to deprive Plaintiffs of that opportunity. Defendant's 11th hour disclosure is an insult to the notions of good faith and fair trial practice, and evidences Defendant's continued pattern of ignoring its duty to disclose.

14. Defendant also cannot establish that its failure to disclose these surprise witnesses is harmless. This Court has recognized that such disclosure (on the eve of trial) is, in and of itself, harmful. *Saudi,* at 134.

15. This Court's analysis and ruling in *Saudi* is directly applicable to the circumstances raised herein. Plaintiffs are unable to properly prepare their case without proper disclosure of witnesses and testimony prior to trial. The introduction of the testimony Defendant intends to offer is prejudicial and *per se* harmful under a Fed. R. Civ. P. 37 analysis. *Saudi,* at 134.

Accordingly, for the foregoing reasons, Plaintiffs respectfully request that this Court grant their Motion in Limine, precluding Defendant from introducing any testimony of Ray Wojtak, Stacie Kasten, and Timothy Walsh at trial.

Respectfully submitted,

**DENENBERG TUFFLEY, PLLC**

BY:   /s/ Todd B. Denenberg
Todd B. Denenberg
(admitted in the E.D. Wisconsin)
*tdenenberg@dt-law.com*
Charles R. Tuffley
(admitted in the E.D. of Wisconsin)
*ctuffley@dt-law.com*
Alyssa J. Endelman
(admitted in the E.D. Wisconsin)
*aendelman@dt-law.com*
DENENBERG TUFFLEY, PLLC
28411 Northwestern Highway, Suite 600
Southfield, MI  48034
PH:  (248) 549-3900
FX:  (248) 593-5808

Attorneys for Plaintiffs

DATED:  October 28, 2015

4

## CERTIFICATE OF SERVICE

      I hereby certify that on October 28, 2015, I electronically filed a) Plaintiffs' Expedited Motion In Limine To Preclude Introduction Of Testimony At Trial From Ray Wojtak, Stacie Kasten and Timothy Walsh, and b) the accompanying Declaration of Todd B. Denenberg, with the Clerk of the Court and served counsel for Defendant, using the CM/ECF System.

      BY:   /s/ Todd B. Denenberg
Todd B. Denenberg
(Admitted E.D. Wisconsin)
DENENBERG TUFFLEY, PLLC
28411 Northwestern Highway, Suite 600
Southfield, MI 48034
PH: (248) 549-3900
FX: (248) 593-5808
*aendelman@dt-law.com*

Attorneys for Plaintiffs