UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SMITHFIELD FOODS, INC.,
PATRICK CUDAHY, INC.,
ALLIANZ GLOBAL RISKS US INSURANCE CO.,
ACE AMERICAN INSURANCE CO.,
GENERAL SECURITY INDEMNITY
 COMPANY OF ARIZONA,
LIBERTY MUTUAL FIRE INSURANCE CO.,
TOKIO MARINE AND NICHIDO FIRE
INSURANCE COMPANY, LTD., and
CERTAIN UNDERWRITERS AT LLOYD'S OF
LONDON AND ITS MEMBERS SUBSCRIBING
TO CONTRACT NO. DP685509(1), UNIQUE
MARKET REFERENCE B0509685509,

      Plaintiffs,

  -v-                                    Case No. 13-C-651

UNITED STATES OF AMERICA,

      Defendant.

## DECISION AND ORDER

Yesterday evening, the Defendant United States filed an expedited motion (ECF No. 170) seeking leave to amend its revised pretrial report to add an exhibit --- an October 15, 2009, letter from the Cudahy City Attorney to counsel for Patrick Cudahy Inc.'s insurers. The United States invokes Fed. R. Civ. P. 6(b)(1)(B) stating that there is "excusable neglect" for extending the time to include its exhibit.

The Plaintiffs assert, although the substance of the proposed new exhibit is of no concern to them, the motion should be denied because the United States "once again seeks to add new evidence long after any reasonable deadline for doing so has passed." (ECF No. 173.)

Quoted by the Plaintiffs is the non-binding non-precedential opinion in *Drilling Consultants, Inc. v. First Montauk Sec. Corp.*, No. 8:10-CV-2873-T-23EAJ, 2012 WL 4061227, at *1 (M.D. Fla. Sept. 14, 2012) commenting on the post-final pretrial conference amendment of a party's witness or exhibit list as follows:

> Often, especially in a civil case, a party seeks after the pre-trial conference and after further contemplation of the opponent's case (or after last-minute inspiration, fear, suspicion, panic, or the like) to amend the witness or exhibit list in pursuit of some advantage, whether offensive or defensive, whether real or imagined. These proposed amendments are mischievous, disruptive, and difficult to manage fairly; if one amendment is permitted, any neutral principle on which to resist additional amendments is diluted. Further, the court seldom occupies a favorable position to determine with solid assurance the truth of conflicting stories about claimed disclosure and non-disclosure, production and non-production, service and non-service, statement and misstatement, disavowed agreements, broken promises, abandoned stipulations, and alleged duplicity and deceit of every sort, imaginable and unimaginable. . . .
>
> The pre-trial conference and the elaborate disclosure, discovery, and documentation requirements of the Federal Rules of Civil Procedure are designed to prevent the confusion, conflict, and waste associated with discovery and trial preparation. The pre-trial conference (and the associated paperwork) is the formal end of the

- 2 -

Case 2:13-cv-00651-LA   Filed 11/13/15   Page 2 of 5   Document 174

> process, after which the parties stand on equal and known footing. For this and other reasons, absent a demonstrable injustice (assuming due diligence and "clean hands") and excepting agreed amendments and items of innocent and harmless inadvertence (such as a scrivener's error), the pre-trial stipulation and the pre-trial order govern.

*Id.* While *Drilling Consultants* provides a compelling description of a view from the bench of similar additions, the Court relies upon the excusable neglect standard of Rule 6(b) invoked by the United States.

A court may grant a motion filed after a deadline only if "the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B); *see Murphy v. Eddie Murphy Prods., Inc.*, 611 F.3d 322, 324 (7th Cir. 2010) ("[A] motion made after the time has expired may be granted only if 'the party failed to act because of excusable neglect.'") (citation omitted). An excusable neglect determination is "an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395(1993); *see Raymond v. Ameritech Corp.,* 442 F.3d 600, 606 (7th Cir. 2006). When evaluating a claim of excusable neglect, courts should consider the danger of prejudice, the length of the delay and its impact on judicial proceedings, the reason for the delay, including whether it was within the movant's reasonable control, and whether the movant acted in good faith. *Pioneer,*

507 U.S. at 395; *See also United States v. Cates,* 716 F.3d 445, 448 (7th Cir. 2013).

John A. Woodcock, a trial attorney for the United States, avers that he found the proposed exhibit on November 9, while preparing for trial, and after reviewing the exhibit list and the documents that the United States received in this action, he determined that the letter was not included within the Government's exhibits. (Woodcock Decl. ¶¶ 3-4, ECF No. 171.) The letter was provided to the Plaintiffs by the United States as a part of its supplemented disclosures on March 20, 2013. (Toomey Decl. ¶¶ 6-8, ECF No. 172.)

The parties filed final pretrial reports on June 10, 2015 (ECF Nos. 136, 139); the United States' list of 173 exhibits should have included all exhibits with respect to liability and damages. The directive to file revised pretrial reports on October 29 was not an event that the parties could have anticipated; it was set by the Court's October 21, 2015, order. (*See* ECF No. 150.) The United States' exhibit list filed October 29, includes 229 exhibits. (ECF No. 159-3.)

The "new" exhibit was disclosed 152 days late after the final pretrial report filing – almost five months. The reason for the delay is that the document slipped through the cracks – a vague assertion which

could be meet with skepticism. However, Woodcock is an officer of the Court and his representations are taken as true unless facts are presented to the contrary. Missing the document was a matter within the United States' control. However, given the equitable nature of the excusable delay determination and that the Plaintiffs' position that the substance of the document is not of concern to them, at this juncture the Court will allow the United States to amend its revised pretrial report to include the October 15, 2009, letter.

**NOW THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

The United States' expedited motion (ECF No. 170) seeking leave to amend its revised pretrial report to add an exhibit is **GRANTED.**

Dated at Milwaukee, Wisconsin, this **13th** day of November, 2015.

**BY THE COURT:**

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**