SMITHFIELD FOODS INC., et. al.,

    Plaintiffs,

vs.

UNITED STATES OF AMERICA,

    Defendant.

Case No. 13-C-651

HON. RUDOLPH T. RANDA

## *CIVIL L.R. 7(H) EXPEDITED NON-DISPOSITIVE MOTION*

**PLAINTIFFS' EXPEDITED MOTION FOR RECONSIDERATION OF FEBRUARY 11, 2016 ORDER [ECF DOC. 192]**

Submitted by:

Todd B. Denenberg
*tdenenberg@dt-law.com*
Charles R. Tuffley
*ctuffley@dt-law.com*
Alyssa J. Endelman
*aendelman@dt-law.com*
DENENBERG TUFFLEY, PLLC
28411 Northwestern Highway, Suite 600
Southfield, MI 48034
PH: (248) 549-3900
FX: (248) 593-5808

Attorneys for Plaintiffs

Pursuant to Fed R. Civ. P. 54(b), Plaintiffs respectfully request this Court reconsider and vacate its February 11, 2016 Order [ECF No. 192]. Furthermore, given the deadlines set forth in that Order, Plaintiffs respectfully request, pursuant to Civil L.R. 7(h), that this Court expedite resolution of this Motion. The grounds for these requests are as follows.

1. In this Court's February 11, 2016 Order (which Plaintiffs did not receive until February 16), it instructed the parties to file new proposed findings of fact and conclusions of law applying California (as opposed to Wisconsin) law regarding damages.

2. Venue in this matter was transferred from the U.S. District Court for the Central District of California to this Court [ECF No. 97]. Therefore, in determining whether California or Wisconsin law applies regarding damages, California choice of law rules must be used. *Van Dusen v Barrack*, 376 U.S. 612, 639 (1964). Under these rules, there are several reasons why Wisconsin -- not California -- law regarding damages should be applied.

3. First, under California choice of law rules, the forum court (this Court) should apply its own law (Wisconsin) unless a party timely invokes the law of a foreign state. *Washington Mutual Bank, FA v Superior Court*, 24 Cal.4th 906, 919 (2001); *Brown v Grimes*, 192 Cal. App.4th 265, 275 (2nd Dist. 2011). In this case, neither party has done so:

> A. Plaintiffs - A separate conflicts of law inquiry must be made with respect to each issue (liability, damages, etc.) in a case. *Sullivan v Oracle Corp.*, 51 Cal.4th 1191, 1202 (2011). Recognizing this, while Plaintiffs argued California law regarding negligence should be applied (as California was where Defendant breached its duty of care), they acknowledged that, because the actual damage occurred in Wisconsin, that state's law should apply re: damages. This was made abundantly clear in their Final Pretrial Report and accompanying Proposed Findings of Fact and Conclusions of Law [ECF No. 160].

> B. Defendant - Defendant has always contended that Wisconsin law should control regarding damages. It said this in connection with its Motion to Transfer Venue [ECF No. 36-1, p. 7], in connection with its Motion to Reconsider the denial of its summary judgment motion [ECF No. 119, p. 4], and of course in its own Final Pretrial Report and accompanying Proposed Findings of Fact and Conclusions of Law [ECF No. 159].

1

4. Both parties have always agreed that Wisconsin law applies regarding damages. They not only made this clear in their pretrial submissions, they structured and presented their respective claims and defenses at the damages trial based on Wisconsin law. Consequently, pursuant to California choice of law rules, Wisconsin damage law should be applied. Plaintiffs respectfully submit that, by ordering to the contrary, this Court has not only failed to follow California choice of law rules, it has made a decision outside the adversarial issues presented to the Court by the parties. As such, reconsideration is warranted. *Bank of Waunakee v Rochester Cheese Sales Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1996).

5. Second, under California choice of law rules, a three-step "governmental interest test" is used in determining which state's law applies regarding a given issue in a case. *Sullivan*, 51 Cal.4th at 1202. Presuming the first step (California and Wisconsin law differ regarding damages) is satisfied, the second step requires an examination of each state's interest in the application of its own law to determine whether a true conflict exists. *Sullivan*, *supra*.

6. The second step is not satisfied here. California courts generally recognize a state has no interest in applying its damage law beyond its borders. *See Scott v Ford Motor Co.*, 224 Cal. App.4th 1492, 1504-1508 (1st Dist. 2014). Here, California has no interest in applying its damage law to a fire (and resulting damage) that occurred entirely in Wisconsin. Wisconsin of course has a very strong interest that its own damage law be applied. Therefore, there is no true conflict, and Wisconsin damage law should be applied. By holding to the contrary, Plaintiffs respectfully submit this Court has made a manifest error of law, so reconsideration is again warranted. *Caisse Nat. de Credit Agricole v CBI Ind., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996).

7. Finally, even if the second step of the "governmental interest test" is satisfied, there is one more step. This Court must carefully evaluate and compare the nature and strength

of the interest of each state in the application of its own law, and apply the law of the state whose interest would be more impaired if its law were not applied. *Sullivan*, 51 Cal.4th at 1202.

8. This final step favors applying Wisconsin law on damages. The state where the injury occurred has a predominant interest in applying its law. *McCann v Foster Wheeler, LLC*, 48 Cal.4th 68, 97-98 (2010); *Rutledge v Hewlett-Packard Company*, 238 Cal. App.4th 1164, 1187 (6th Dist. 2015). As the fire in question occurred in Wisconsin, it is Wisconsin that has the predominant interest, and this interest would be most impaired if its damage law is not applied.

9. Indeed, this exact same determination has already been made in this litigation. In transferring venue of this case to this Court, Judge Marshall held:

> . . .[H]ere the liability for the alleged tort took place in California while damages occurred in Wisconsin. . .The law of Wisconsin would also be more impaired if its law [regarding comparative negligence] were not applied since the damages occurred there, the individuals that engaged in the alleged tortious activity set off the flare in Wisconsin, and because Wisconsin resources were used in addressing the damages.

[ECF No. 97, p. 8]. If Wisconsin comparative fault law should be applied because the damages occurred in Wisconsin, logic dictates Wisconsin damages law should certainly be applied for the same reason. Plaintiffs respectfully submit that by holding to the contrary, this Court again committed a manifest error which should be corrected. *Caisse Nat. de Credit Agricole*, *supra*.

10. Counsel for the parties have conferred, and despite its prior position that Wisconsin damage law applies, Defendant is not yet prepared to take a position on this Motion.

Accordingly, for the foregoing reasons, Plaintiffs respectfully request that this Court grant their Motion, and vacate its February 11, 2016 Order. This Court should then base its Findings of Fact and Conclusions of Law on a consideration of the proposed post-trial findings and conclusions already submitted by the parties [ECF Nos. 185, 190 and 101], as well as the evidence produced at trial.

Respectfully submitted,

**DENENBERG TUFFLEY, PLLC**

BY:   /s/ Alyssa J. Endelman
Todd B. Denenberg
(admitted in the E.D. Wisconsin)
*tdenenberg@dt-law.com*
Charles R. Tuffley
(admitted in the E.D. of Wisconsin)
*ctuffley@dt-law.com*
Alyssa J. Endelman
(admitted in the E.D. Wisconsin)
*aendelman@dt-law.com*
DENENBERG TUFFLEY, PLLC
28411 Northwestern Highway, Suite 600
Southfield, MI  48034
PH:  (248) 549-3900
FX:  (248) 593-5808

Attorneys for Plaintiffs

DATED:  February 22, 2016

4

## CERTIFICATE OF SERVICE

   I hereby certify that on February 22, 2016, I electronically filed Plaintiffs' Expedited Motion For Reconsideration Of February 11, 2016 Order with the Clerk of the Court and served counsel for Defendant, using the CM/ECF System.

              BY: /s/ Alyssa J. Endelman
              Alyssa J. Endelman
              (Admitted E.D. Wisconsin)
              DENENBERG TUFFLEY, PLLC
              28411 Northwestern Highway, Suite 600
              Southfield, MI 48034
              PH: (248) 549-3900
              FX: (248) 593-5808
              *aendelman@dt-law.com*

              Attorneys for Plaintiffs