UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SMITHFIELD FOODS, INC.,
PATRICK CUDAHY, INC.,
ALLIANZ GLOBAL RISKS US INSURANCE CO.,
ACE AMERICAN INSURANCE CO.,
GENERAL SECURITY INDEMNITY
 COMPANY OF ARIZONA,
LIBERTY MUTUAL FIRE INSURANCE CO.,
TOKIO MARINE AND NICHIDO FIRE
INSURANCE COMPANY, LTD., and
CERTAIN UNDERWRITERS AT LLOYD'S OF
LONDON AND ITS MEMBERS SUBSCRIBING
TO CONTRACT NO. DP685509(1), UNIQUE
MARKET REFERENCE B0509685509,

        Plaintiffs,

  -v-                                                            Case No. 13-C-651

UNITED STATES OF AMERICA,

        Defendant.

## DECISION AND ORDER

The Plaintiffs seek reconsideration (ECF No. 193) of this Court's February 11, 2016, Order directing the parties to file revised proposed findings of fact and conclusions of law because they did not brief the issues under California law. They contend that (1) under California choice-of-law rules this Court should apply the law of the forum state – Wisconsin; (2) the parties have always agreed that Wisconsin law applies regarding damages; and (3) referencing California's three-step governmental interest

choice of law test,[1] the Plaintiffs "presume" the first step is met, analyze the second and third steps, and conclude that Wisconsin damages law. applies.

The Defendant asserts that the Plaintiffs' position is irreconcilable with the Court's earlier choice of law ruling and with the Plaintiffs' prior positions in this litigation and should be barred by judicial estoppel, citing federal law of judicial estoppel. (ECF No. 194.)

The Government cites federal law of judicial estoppel without explaining why federal, not state, law of judicial estoppel applies. However, *Wells v. Coker,* 707 F.3d 756, 760 (7th Cir 2013) supports the application of federal law. *See id*. (holding that judicial estoppel "is not part of the law of judgments in Illinois so much as it is a rule of evidence or pleading." (quoting *Astor Chauffeured Limousine Co. v. Runnfeldt Inv. Corp.,* 910 F.2d 1540, 1550 (7th Cir. 1990).) (citation omitted)). The doctrine of judicial estoppel prevents a party from prevailing on an

---

[1] California's three-step governmental interest test is as follows: (1) the court must first determine whether the relevant law of each of the potentially affected jurisdictions with respect to the particular issue in question is the same or different; (2) if there is a difference, the court must examine each jurisdiction's interest in the application of its own law under the circumstances of the particular case to determine whether a true conflict exists; and (3) if there is a true conflict, the court must compare the nature and strength of the interest of each jurisdiction to determine which state's interest would be more impaired if its policy were subordinated to the policy of the other state, and then apply the law of the state whose interest would be more impaired. *See Sullivan v. Oracle Corp.*, 51 Cal.4th 1191, 127 Cal.Rptr.3d 185, 254 P.3d 237, 244–45 (Cal. 2011).

argument in an *earlier matter* and then relying on a contradictory argument to prevail in a *subsequent matter*. *Wells,* 707 F.3d at 760 (citing *New Hampshire v. Maine,* 532 U.S. 742, 749 (2001)) (Emphasis added). Because the United States is attempting to invoke judicial estoppel in a single lawsuit, it does not apply. Previously, the Court held that because the case was transferred from California law pursuant to 28 U.S.C. § 1404(a), California's choice-of-law rules, which governed the federal district court in California, continued to apply. *Smithfield Foods, Inc. v. United States,* 69 F. Supp. 3d 915, 919-20 (E.D. Wis. 2014). The Court noted that the California district court had concluded Wisconsin law regarding comparative negligence should be applied. *Id.*

Additionally, this Court held that because the United States' alleged act of negligence occurred in California, that state's law applies. *See id.* at 923. However, when it comes to procedural law, the law of the Seventh Circuit Court of Appeals applies. *Id.* at 919.

The Government's pretrial report argues for application of the Wisconsin damages law under California's conflicts of law governmental interest analysis. (ECF No. 159, at 28.) However, it does not compare California and Wisconsin case law regarding the types of damages recoverable for negligence, the measure of damages, proof, and/or

mitigation of those damages. *See Hurtado v. Superior Court* 11 Cal.3d 574, 581, 114 Cal.Rptr. 106, 522 P.2d 666 (Cal 1974) (engaging in conflicts of law analysis regarding measure of damages). Section III, paragraph 1 of the Plaintiffs' pre-trial proposed findings of fact and conclusions of law states "as this Court recognized in its November 18, 2014, Opinion and Order denying the Defendant's Motion for Summary Judgment, Wisconsin law governs *any* determination regarding damages." (ECF No. 160-4.) (Emphasis added.) However, the Plaintiffs do not repeat that contention, and the Court is unable to find support in the 2014 decision.

The Plaintiffs now address California's governmental interest test. S*ee Sullivan,* 254 P.3d at 244-45. The Plaintiffs bear the burden of proving that Wisconsin law regarding the measure of damages, damages recoverable for negligence, proof and/or mitigation of damages differs from California law on one or more of these issues. *See Wash. Mut. Bank v. Superior Court,* 24 Cal.4th 906, 103 Cal.Rptr.2d 320, 15 P.3d 1071, 1080-81 (Cal. 2001). However, the Plaintiffs have skipped the first step of the analysis: they do not compare California and Wisconsin law regarding the measure of damages, damages recoverable for negligence, proof and/or mitigation of damages. S*ee Sullivan,* 254 P.3d at 244-45. Thus, they have failed to meet their burden of proof. Therefore, the Court will apply

California substantive law regarding the measure of damages, damages recoverable for negligence, proof and/or mitigation of damages. The Court denies the motion for reconsideration.

The Court, however, amends the prior schedule for the filing of proposed findings of fact and conclusions of law which do not incorporate by reference any portion of the party's prior proposed findings of fact and conclusions of law as follows: (1) the Plaintiffs' revised proposed findings of fact and conclusions of law must be filed on or before April 8, 2016; (2) the Defendant's revised proposed findings of fact and conclusions of law must be filed on or before May 9, 2016; and (3) the Plaintiffs' reply must be filed on or before May 23, 2016.

**SO ORDERED** at Milwaukee, Wisconsin, this 7th day of March, 2016.

BY THE COURT:

_/s/ Rudolph T. Randa_
**HON. RUDOLPH T. RANDA**
**U.S. District Court Judge**